MEMORANDUM **
Plaintiff Emmert Industrial Corp. (“Emmert”) appeals an order of the district court granting summary judgment to defendant, the City of Milwaukie (the “City”). Emmert filed an action against the City under 42 U.S.C. § 1983, alleging that the City’s proposal to halt demolition of an Emmert property in exchange for a litigation waiver amounted to an “unconstitutional condition” that deprived Emmert of its First Amendment right to access the courts.[1]
Emmert’s claim stemmed from its acquisition of a run-down house in the City that was the subject of a nuisance abatement proceeding.[2] Emmert intended to move the house to a new location to stave off demolition, but was unable to obtain the necessary permits.
After the matter had dragged on for several months without resolution, the City decided to proceed with demolition. In a final effort to save the house, the City proposed a “Final Agreement” to Emmert. The agreement conditionally approved a permit to relocate the house and held demolition in abeyance — so long as Emmert met strict performance requirements. The agreement also required Emmert to waive all claims against the City related to the house. Emmert objected to several provisions, the parties never reached a definitive agreement, and the City demolished the house shortly thereafter.
In granting the City’s motion for summary judgment, the district court concluded that the proposed agreement did not amount to an “unconstitutional condition.” We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review the grant of summary judgment de novo. *67 Qwest Commc’ns, Inc. v. City of Berkeley, 438 F.3d 1253, 1256 (9th Cir.2006).
The record shows that the litigation waiver was not a but-for dealbreaker. Emmert objected to several provisions of the proposed agreement, and each was independently fatal to the settlement. Thus, the waiver was not the actual or proximate cause of Emmert’s injury. Emmert cannot show the causation element required in a § 1983 action. See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir.2008).
Assuming arguendo that Emmert can show causation, the litigation waiver did not amount to an unconstitutional condition. The government may condition the grant of a discretionary benefit “if the condition is rationally related to the benefit conferred.” United States v. Geophysical Corp., 732 F.2d 693, 700 (9th Cir.1984). When the condition is imposed as part of a settlement agreement, we look for “a close nexus — a tight fit — between the specific interest the government seeks to advance in the dispute ... and the specific right waived.” Davies v. Grossmont Union High Sch. Dist., 930 F.2d 1390, 1399 (9th Cir.1991); see also Dolan v. City of Tigard, 512 U.S. 374, 385-86, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994).
In this case, the City had a legitimate interest in settling a dispute over a rundown house that had dragged on for years. The condition the government imposed — a litigation waiver — directly advanced this interest by ensuring the dispute would come to a quick end. The benefit Emmert was to receive — a comprehensive settlement — was also closely connected to the litigation waiver and the City’s need for resolution.
Moreover, it is not at all unusual or impermissible for the government to seek a litigation waiver as part of a settlement agreement of a pending dispute or a potential lawsuit. See Town of Newton v. Rumery, 480 U.S. 386, 107 S.Ct. 1187, 94 L.Ed.2d 405 (1987); see also La. Pac. Corp. v. Beazer Materials & Servs., Inc., 842 F.Supp. 1243 (E.D.Cal.1994).
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Emmert also alleged that the City’s conduct amounted to Due Process, Equal Protection, and Takings violations. The district court ruled against Emmert on these claims as well, but these rulings are not challenged on appeal.

. Because the parties are familiar with the factual and procedural background, we recite it here only so far as is necessary to aid in understanding this disposition.